UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W.G., by and through <br> his next friends C.G. and M.G., <br> <br> Plaintiff, <br> <br> v. <br> <br> ARISTOI CLASSICAL ACADEMY, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> <br> CAUSE NO. 4:22-cv-618 |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

## I. INTRODUCTION

1. Plaintiff W.G., by and through his next friends, C.G. and M.G., brings this action for injunctive relief, attorneys' fees, and court costs against Defendant Aristoi Classical Academy ("Aristoi") under Section 504 of the Rehabilitation Act of 1973.

2. W.G. is an eighteen year-old student who lives with his parents in Katy, Texas, and has attended the Aristoi Classical Academy in Katy as well.

3. W.G. has always been a strong student, but has had difficulties with attention span, forgetfulness, and frustration when confronted with problem-solving.  As he made his way into high school, W.G. began having increased difficulties with socialization and interacting with his peers.  His historical difficulties with communicating his feelings and interpreting the nuances of conversations and social encounters became even more pronounced.  He began to struggle more and more with major depression, withdrawal, emotional meltdowns, and anxiety in new situations.  He began to compensate for this with alcohol use.

4. W.G. has an attractive persona and his peers often seek him out socially. However, W.G. often misses these social cues and isolates himself, even from his family, which

1

contributes to a frequently gloomy and downtrodden state of mind even to the point of suicidal ideation. W.G. has difficulty letting subjects go in conversation and will often return over and over again to a subject that others let lapse long ago.

5.  In light of these and other characteristics and circumstances, W.G. has been diagnosed with Autism Spectrum Disorder, without accompanying intellectual or language impairment; Attention-Deficit/Hyperactivity Disorder; and Major Depressive Disorder. These disabilities often affect and, in W.G.'s case do affect, executive functioning. In particular, W.G. has substantial difficulties in resisting impulses and stopping potentially problematic behavior at the appropriate time.

6.  Despite having relevant information available to it and despite recognizing that W.G. is a person with disabilities and with eligibility for accommodations under Section 504 of the Rehabilitation Act of 1973, Aristoi has done a woefully inadequate job of designing and implementing a Section 504 Plan for him, offering as an accommodation only an "[e]xtra class period to turn in assignments not directly incorporated into the day's lesson." In fact, as Plaintiff intends to show in an administrative proceeding initiated simultaneously with the proceeding here, Aristoi should have evaluated W.G. for special education eligibility, given the nature of his unique characteristics, circumstances, and needs.

7.  When an Aristoi physical education coach provided W.G. with alcohol on the school campus, W.G. manifested his weaknesses in executive functioning that stem from his disabilities by accepting that alcohol. In particular, with his difficulties in social perspicacity, W.G. would perceive the provision of alcohol by a coach as tacit authorization to accept it. For having done so, Aristoi expelled W.G. on February 9, 2022, without having provided him the evaluation required under 34 C.F.R. § 104.35 as required for any "significant change in

2

placement." An expulsion constitutes such a significant change in placement. In fact, Aristoi gave W.G. no hearing at all of any kind to determine whether his actions stemmed from or manifested his disabilities.

8. Particularly in light of W.G.'s already fragile emotional state and the related difficulties arising from his disabilities, expulsion has caused, is causing, and will continue to cause him irreparable harm. Consequently, he requests that this Court enter a temporary restraining order, followed by a preliminary injunction and ultimately, after a trial on the merits, a permanent injunction, enjoining Defendant Aristoi Classical Academy from continuing its expulsion of W.G. until it has (a) conducted the necessary evaluations to determine whether W.G.'s relevant behavior constituted a manifestation of his disabilities and provided an impartial hearing with respect to these issues, (b) amended W.G.'s Section 504 plan as appropriate in light of those evaluations, and (c) made determinations informed by these evaluations and the associated impartial hearing as to what, if any, disciplinary actions remain appropriate or whether the amendments to W.G.'s Section 504 plan or some related mechanism more appropriately address the circumstances at issue.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action and may grant the relief sought herein pursuant to 28 U.S.C. § 1331 by virtue of claims brought pursuant to 29 U.S.C. § 701, *et seq*.

10. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims alleged herein occurred in this district in or around Katy, Texas, located in Harris County.

### III. PARTIES

11. Plaintiff W.G. is a student at Aristoi Classical Academy and Plaintiff in this matter. He has executed an educational power of attorney to allow his parents to make determinations regarding this matter.

12. Defendant Aristoi Classical Academy is a public charter school. Defendant can be served at the following address: Brenda Davidson, Superintendent, 5610 Morton Road, Katy, Texas 77493.

### IV. FACTS

13. W.G. is an eighteen year-old student who lives with his parents in Katy, Texas, and has attended the Aristoi Classical Academy in Katy as well. Before joining Aristoi, W.G. attended both public and private schools over the course of his educational progression.

14. W.G. has always been a strong student, but has had difficulties with attention span, forgetfulness, and frustration when confronted with problem-solving. As he made his way into high school, W.G. began having increased difficulties with socialization and interacting with his peers. His historical difficulties with communicating his feelings and interpreting the nuances of conversations and social encounters became even more pronounced. He began to struggle more and more with major depression, withdrawal, emotional meltdowns, and anxiety in new situations. He began to compensate for this with alcohol use. On several occasions, he overdrank to the point of blackout.

15. W.G. has an attractive persona and his peers often seek him out socially. However, W.G. often misses these social cues and isolates himself, even from his family, which contributes to a frequently gloomy and downtrodden state of mind even to the point of suicidal ideation. He has been unable to maintain more than one or two friendships simultaneously. He

also has difficulty letting subjects go in conversation and will often return over and over again to a subject that others let lapse long ago. He generally finds it difficult to participate in back-and-forth conversation with peers and to maintain appropriate eye contact. Such social missteps and variances from the norm tend to deepen his already intense states of depression and stress.

16. In light of these and other characteristics and circumstances, W.G. has been diagnosed after extensive testing and evaluation with Autism Spectrum Disorder, without accompanying intellectual or language impairment; Attention-Deficit/Hyperactivity Disorder; and Major Depressive Disorder. These disabilities often affect and, in W.G.'s case do affect, executive functioning. In particular, W.G. has substantial difficulties in resisting impulses and stopping potentially problematic behavior at the appropriate time. W.G. already manifested these difficulties arising from his disabilities in his gravitation towards alcohol. Although people of all ages gravitate towards alcohol use for a variety of different reasons, W.G.'s use of alcohol has resulted directly from the effects of his disabilities.

17. Despite having relevant information available to it and despite recognizing that W.G. is a person with disabilities and with eligibility for accommodations under Section 504 of the Rehabilitation Act of 1973, Aristoi has done a woefully inadequate job of designing and implementing a Section 504 Plan for him, offering as an accommodation only an "[e]xtra class period to turn in assignments not directly incorporated into the day's lesson." In fact, as Plaintiff intends to show in an administrative proceeding initiated simultaneously with the proceeding here, Aristoi should have evaluated W.G. for special education eligibility, given the nature of his unique characteristics, circumstances, and needs.

18. When an Aristoi physical education coach provided W.G. with alcohol on the school campus, W.G. manifested his weaknesses in executive functioning that stem from his

disabilities by accepting that alcohol.  In particular, with his difficulties in social perspicacity, W.G. would perceive the provision of alcohol by a coach as tacit authorization to accept it.  For having done so, Aristoi expelled W.G. on February 9, 2022, without having provided him the evaluation required under 34 C.F.R. § 104.35 as required for any "significant change in placement."  An expulsion constitutes such a significant change in placement.  In fact, Aristoi gave W.G. no hearing at all of any kind to determine whether his actions stemmed from or manifested his disabilities.

19. Particularly in light of W.G.'s already fragile emotional state and the related difficulties arising from his disabilities, expulsion has caused, is causing, and will continue to cause him irreparable harm.  Consequently, he requests that this Court enter a temporary restraining order, followed by a preliminary injunction and ultimately, after a trial on the merits, a permanent injunction, enjoining Defendant Aristoi Classical Academy from continuing its expulsion of W.G. until it has (a) conducted the necessary evaluations to determine whether W.G.'s relevant behavior constituted a manifestation of his disabilities and provided an impartial hearing with respect to these issues, (b) amended W.G.'s Section 504 plan as appropriate in light of those evaluations, and (c) made determinations informed by these evaluations and the associated impartial hearing as to what, if any, disciplinary actions remain appropriate or whether the amendments to W.G.'s Section 504 plan or some related mechanism more appropriately address the circumstances at issue.

## V.     CAUSE OF ACTION (SECTION 504)

20. Plaintiff incorporates paragraphs 1-19 above as if re-alleged in this section.

21. Plaintiff is an individual with a disability pursuant to 29 U.S.C. § 705(20).

22. Plaintiff has been denied and excluded from significant benefits of Defendant's program through Defendant's wrongful expulsion of him without regard to whether the behavior referenced as the ground for that expulsion constituted a manifestation of his disabilities.

23. Defendant receives federal financial assistance in implementing its programs.

24. Defendant has violated 29 U.S.C. § 701, *et seq.* and its implementing regulations (specifically, 34 C.F.R. § 104.35) by changing Plaintiff's placement significantly through expulsion without conducting the necessary evaluations, including holding a hearing on the issue in part to obtain parental input, to determine whether the conduct at issue constituted a manifestation of Plaintiff's disabilities.

25. Defendant's actions and omissions as recounted above constitute discrimination prohibited by Section 504.

26. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered irreparable harm requiring injunctive relief.  Plaintiff is also entitled to reasonable attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff requests that this Court:

A. Enter a temporary restraining order, followed by a preliminary injunction and ultimately, after a trial on the merits, a permanent injunction, enjoining Defendant Aristoi Classical Academy from continuing its expulsion of W.G. until it has (a) conducted the necessary evaluations to determine whether W.G.'s relevant behavior constituted a manifestation of his disabilities and provided an impartial hearing with respect to these issues, (b) amended W.G.'s Section 504 plan as appropriate in light of those evaluations, and (c) made determinations informed by these evaluations and the associated impartial hearing as to what, if

any, disciplinary actions remain appropriate or whether the amendments to W.G.'s Section 504 plan or some related mechanism more appropriately address the circumstances at issue;

      B.     Award Plaintiff reasonable attorneys' fees and costs; and

      C.     Grant such other and further relief as may be just and proper.

DATED: February 25, 2022

Respectfully submitted,

s/ Mark Whitburn
Mark Whitburn
Texas Bar No. 24042144
Sean Pevsner
Texas Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com

Attorneys for Plaintiffs